IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-83-02-SLR |
| | ) | |
| JERRY LEE HOLMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Jerry Lee Holman, by and through his attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Jerry Lee Holman, agrees to plead guilty to Count One of the Indictment against him. Count One charges the defendant with violating 18 U.S.C. § 473 and 2, dealing in counterfeit obligations or securities. The maximum penalties for this offense are twenty years imprisonment, a $250,000 fine, 3 years of supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One beyond a reasonable doubt: (1) that on or about May 9, 2008, defendant Jerry Lee Holman, bought, sold, exchanged, transferred, received, or delivered a false, forged, counterfeited, or altered security or obligation of the United States, to wit, five (5) one hundred-dollar ($100.00) Federal Reserve Notes, Series 1996, Serial

Number AB75569772K and eighteen (18) fifty-dollar ($50.00) Federal Reserve Notes, Series 2001, Serial Number CF16998361A; (2) that the defendant did so with the intent that the above-described Federal Reserve Notes of the United States be passed, published, or used as true and genuine; and (3) that the defendant knew at the time that the above-described Federal Reserve Notes of the United States were false, forged, counterfeit, or altered.

3. The defendant knowingly, voluntarily, and intelligently admits that he is in fact guilty of the offense described in paragraphs one and two.

4. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States will not object to a two-level reduction under U.S.S.G. Section 3E1.1(a) based on the defendant's conduct to date.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. Based on information available to it at this stage (prior to the preparation of the pre-sentence report) and provided that the government does not learn of information inconsistent with the defendant's representations to date, the defendant further understands that the government will recommend that the Court impose a sentence consistent with the applicable sentencing range set forth by the Sentencing Guidelines.

6. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set

forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so and should he be incarcerated as a consequence of this conviction, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification

requirements of this paragraph.

                                                      COLM F. CONNOLLY
                                                      United States Attorney

_____        BY: _____
Jerry Lee Holman                                      Shannon T. Hanson
Defendant                                             Assistant United States Attorney

_____
Keir Bradford, Esq.
Attorney for Defendant

Dated: 08/12/08

     **AND NOW,** this 12th day of August, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                                      _____
                                                      HONORABLE SUE L. ROBINSON
                                                      District Judge
                                                      United States District Court